IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENALL MANUFACTURING COMPANY,    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No. 07 C 603
                                 )
COOPER LIGHTING, INC.,           )
                                 )
            Defendant.           )

## MEMORANDUM ORDER

Cooper Lighting, Inc. ("Cooper") has filed its Answer and Affirmative Defenses ("ADs") to this patent infringement action brought against it by Kenall Manufacturing Company ("Kenall"). This memorandum order is issued sua sponte to address a few problematic aspects of that responsive pleading.

First, whenever Cooper's counsel sets out a properly-stated disclaimer pursuant to the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to get the benefit of a deemed denial (see Answer ¶¶1, 5, 7, 9, 10, 12 and 15-19), that proper disclaimer as to certain of the Complaint's allegations concludes inappropriately with the phrase "and therefore denies them." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the same objective good faith that is required by Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Just as Cooper's counsel has departed from Rule 8(b)'s

treatment of disclaimers, so its ADs are at odds with Rule 8(c) and the caselaw applying it--in that respect, see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). In that respect:

1. AD 1's assertion of noninfringement directly contravenes Complaint ¶¶21, 23 and 26. AD 1 is therefore stricken.

2. AD 2 directly contradicts Complaint ¶8 and is accordingly susceptible to being stricken as well. But only because AD 2 identifies the statutory provisions that the '055 patent is said to violate, AD 2 will be permitted to stand--but Cooper is expected to flesh out that identification, at the earliest convenient time, by supplementing its present conclusory assertions in a manner that better informs Kenall's counsel and this Court of the asserted deficiencies in the patent.

3. AD 3, which asserts prosecution history estoppel, does not fulfill the notice pleading obligations that are incumbent on defendants as well as plaintiffs in the federal system. Accordingly this Court expects that at an early date in the course of these proceedings Cooper will also provide Kenall's counsel and this Court with more focused

information on that score.

```
                           _____
                           Milton I. Shadur
                           Senior United States District Judge
```

Date:  April 4, 2007